UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DONALD WARD, #46018-039,

      Plaintiff,

v.                                      Civil No. 1:12-CV-14287
                                       Honorable Thomas L. Ludington

CHARLES SAMUELS, JR.,

      Defendant.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING COMPLAINT AND
CONCLUDING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH**

Plaintiff Donald Ward, a federal prisoner at the Federal Correctional Institution in Milan, Michigan (FCI-Milan), has been granted leave to proceed without prepayment of the filing fee for this *Bivens* action. A *Bivens* action is considered the federal counterpart to an action brought pursuant to 42 U.S.C. § 1983. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971); *see also Vector Research, Inc. v. Howard & Howard Attorneys P.C.*, 76 F.3d 692, 698 (6th Cir. 1996). In his complaint, Plaintiff asserts that he is not being given proper medical care nor provided a safe environment at the prison in violation of his federal constitutional and statutory rights. He names the Director of the Bureau of Prisons, Charles Samuels, Jr., as Defendant in this action. Plaintiff seeks monetary damages. Having reviewed the complaint, the Court dismisses it pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

1

**I**

Under the Prison Litigation Reform Act of 1996 (PLRA), the Court is required to *sua sponte* dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550

U.S. at 557).

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## II

Plaintiff identifies only Bureau of Prisons Director Charles Samuels Jr. as a defendant in this action. Plaintiff, however, has failed to allege facts demonstrating Defendant's personal involvement in the alleged delay or denial of medical care or the conditions at FCI-Milan. It is well-settled that a plaintiff must allege the personal involvement of a defendant to state a civil rights claim under 42 U.S.C. § 1983 or *Bivens*. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691–92 (1978) (Section 1983 liability cannot be based upon a theory of *respondeat superior* or vicarious liability); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009) (same); *see also Taylor v. Michigan Dep't of Corrections*, 69 F.3d 716, 727–28 (6th Cir. 1995) (plaintiff must allege facts showing that the defendant participated, condoned, encouraged, or knowingly acquiesced in alleged misconduct to establish liability). Plaintiff has not done so. Any assertion that the defendant failed to supervise an employee, should be vicariously liable for another employee's conduct, erred in denying complaints, and/or did not sufficiently respond to the situation is insufficient to state a civil rights claim. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001). The plaintiff has also not alleged facts showing that any injury he suffered is the result of any policy or regulation, or that any improper conduct arose from the deliberate failure to adequately investigate, train, or supervise employees. *See Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (setting forth three-part test for such

claims). Plaintiff's conclusory allegations are insufficient to state a federal civil rights claim. *See Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003); *see also Crawford-El v. Britton*, 523 U.S. 574, 588 (1998). Plaintiff has failed to state a claim upon which relief may be granted as to the named defendant, and his complaint must therefore be dismissed.

### III

For the reasons stated, the Court concludes that Plaintiff has failed to state a civil rights claim upon which relief may be granted against the Defendant. Finally, the Court concludes that an appeal from this order would be frivolous and cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED** with prejudice as to the named Defendant. This dismissal is without prejudice as to any medical or health care claims that the plaintiff may have against a proper defendant.

Dated: March 11, 2013                                  s/Thomas L. Ludington
                                                       THOMAS L. LUDINGTON
                                                       United States District Judge

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Donald Ward #46018-039 at Federal Correctional Complex Terre Haute, IN 47802 by first class U.S. mail on March 11, 2013.

                    s/Tracy A. Jacobs
                    TRACY A. JACOBS